No. 22-55823

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MERRY RUSSITTI DIAZ; KATER PEREZ, individually and on behalf
of all others similarly situated,

*Plaintiffs - Appellants,*

v.

WESTCO CHEMICALS, INC.; ALAN ZWILLINGER, erroneously sued
as Ezekiel Alan Zwillinger; STEVEN ZWILLINGER,

*Defendants - Appellees.*

United States District Court
Central District of California
No. 2:20-cv-02070-ODW-AGR
Otis Wright, II

**APPELLANT'S OPENING BRIEF**

Michael C. McKay
MCKAY LAW, LLC
5635 N. Scottsdale Road, Ste. 170
Scottsdale, Arizona 85250
Telephone: (480) 681-7000
Email: mmckay@mckaylaw.us

Attorney for Plaintiffs and Appellants
Merry Russitti Diaz, Kater Perez

## Corporate Disclosure Statement

There are no parent corporations or publicly held corporations that own 10% or more of the stock of Plaintiffs/Appellants.

McKay Law

Respectfully submitted,

Dated: November 7, 2022      By: /s/ Michael McKay

Attorney for Plaintiffs and Appellants
Merry Russitti Diaz, Kater Perez

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ............................................. i

TABLE OF CONTENTS ........................................................ ii

TABLE OF AUTHORITIES ................................................... iii

APPELLANT'S OPENING BRIEF ............................................. 1

    STATEMENT OF ISSUES ............................................... 1

    STATEMENT OF JURISDICTION ....................................... 1

    STATEMENT OF FACTS ............................................... 1

    STATEMENT OF THE CASE ........................................... 4

    STANDARD OF REVIEW ............................................... 6

    ARGUMENT ......................................................... 6

       I.   Plaintiffs/Appellants Have Article III Standing........................... 6

      II.   Disputed Issues of Material Facts............................... 17

    CONCLUSION ...................................................... 19

CERTIFICATE OF COMPLIANCE ........................................ 20

STATEMENT OF RELATED CASES ...................................... 21

CERTIFICATE OF SERVICE ............................................. 22

# TABLE OF AUTHORITIES

Page

**Cases:**

*Alas v. AT&T*
   17–08106-VAP (RAOx) slip op. (C.D. Cal.) ..................................... 14

*Bruce v. United States*
   759 F.2d 755 (9th Cir. 1985) ................................................. 6

*Cent. States Southeast & Southwest Areas Health & Welfare*
   *Fund v. Merck-Medco Managed Care, L.L.C.*
   433 F.3d 181 (2d Cir. 2005) ................................................. 13

*David Wit v. United Behavioral Health*
   No. 20–17363, slip op. (9th Cir. Mar. 22, 2022) ............................. 12

*Donovan v. Mazzola*
   716 F.2d 1226 (9th Cir. 1983) ............................................... 13

*Horvath v. Keystone Health Plan East, Inc.*
   333 F.3d 450 (3d Cir. 2003) ................................................. 13

*Howard v. Shay*
   100 F.3d 1484 (9th Cir. 1996) ............................................... 4

*LaRue v. DeWolf*
   552 U.S. 248 (2008) ......................................................... 16

*Mayo v. PCC Structurals, Inc.*
   795 F.3d 941 (9th Cir. 2015) ................................................ 6

*NCAA v. Miller*
   10 F.3d 633 (9th Cir. 1993) ................................................. 6

*Peters v. Aetna Inc.*
   2 F.4th 199 (4th Cir. 2021) ................................................. 12

*Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*
   332 F.3d 1198 (9th Cir. 2003) ............................................... 13

*Thole v. U.S. Bank*
   140 S.Ct. 1615 (2020) ..................................................... 6, 7

*Wells v. California Physicians' Serv.*
   No. C05–01229CRB, 2007 WL926490 (N.D. Cal. Mar. 26,
   2007) .................................................................. 14

*Ziegler v. Connecticut Gen. Life Ins. Co.*
   916 F.2d 548 (9th Cir. 1990) ................................ 13

## Statutes:

28 U.S.C. § 1291 .................................................... 1

28 U.S.C. § 1391 .................................................... 1

29 U.S.C. § 502 ..................................................... 16

29 U.S.C. § 1132 .................................................... 1

## Court Rules:

Fed. R. App. P., rule 4 .......................................... 1

## Appellant's Opening Brief

## STATEMENT OF ISSUES

1. Whether the District Court erred in ruling Plaintiffs/ Appellants lack standing?
2. Whether the District Court erred in ruling that no disputed issues of material facts exist with respect to the Plaintiffs'/Appellants' claims?

## STATEMENT OF JURISDICTION

This is an appeal from the August 18, 2022 (1-ER-4) and August 19, 2022 (1-ER-2) orders of the District Court for the Central District of California, in which the District Court granted Defendants'/Appellees' Motion for Summary Judgment. (2-ER-75.) The District Court exercised jurisdiction pursuant to 29 U.S.C. § 1132(e), and to 28 U.S.C. § 1391(b). This Court has jurisdiction to consider this appeal pursuant to 28 U.S.C. §1291.

Plaintiffs/Appellants filed a Notice of Appeal on September 6, 2022. (5-ER-896.) Plaintiffs'/Appellants appeal is timely F.R.A.P. 4(a)(1)(A).

## STATEMENT OF FACTS

Defendants/Appellees are ERISA fiduciaries for the Westco Chemicals Defined Benefit Pension Plan ("Pension Plan") (4-ER-722.) In or around 2005, Defendants/Appellees received a large cash settlement from a lawsuit involving anticompetitive business practices. (5-ER-872;

1

*see also* 2-ER-68.) Defendants/Appellees wanted to avoid paying the anticipated hefty tax bill on the cash settlement, so they created the Pension Plan. (*Id.*) Defendants/Appellees used the cash settlement to fund the Pension Plan. (*Id.*) Then they were able to deduct the amount of the contributions against income for federal tax purposes as well as funnel the money back to themselves over time. (*Id.*) The facts of this case are extraordinary.

Defendants/Appellees never intended for the Pension Plan to be a legitimate pension plan that provides meaningful retirement benefits to their employees, or to otherwise comply with existing laws and regulations that govern such plans. (2-ER-68; *see also* 5-ER-872.) Rather, they created and have since used the Pension Plan primarily to surreptitiously funnel the settlement funds from the lawsuit to themselves and their relatives. (*Id.*) Indeed, Defendants/Appellees kept the very existence of the Pension Plan a secret from Westco Chemical's employees. (*Id.*) Defendants/Appellees did not design the Pension Plan to meet the non-discrimination rules. (*Id.*) Defendants/Appellees did not fund the Pension Plan as required by the Internal Revenue Service and ERISA. (5-ER-872.) Defendants/Appellees did not administer the Pension Plan as required by ERISA. (*Id.*) Defendants/Appellees did not provide Pension Plan participants with minimum benefits as required the Internal Revenue Service, ERISA, and the Pension Plan document. (*Id.*) Defendants'/Appellees' wide-ranging and willful failures to comply

with the Internal Revenue Code, ERISA, and the Plan documents resulted in clear operational failures in the administration of the Pension Plan. (2-ER-85-91.) To be sure, Defendants/Appellees have admitted to these failures at various points throughout the underlying lawsuit, including in their motion for summary judgment of widespread ERISA breaches of fiduciary duties. (*Id.*)

By way of example, the formula Defendants/Appellees use to determine how Plaintiffs/Appellants and Pension Plan beneficiaries accrue benefits in the Pension Plan is set forth in the Pension Plan documents. (2-ER-249-250.) One select group of five individuals, including Defendant/Appellee Alan Zwillinger and his wife Carol, receive benefits of five and one-half percent (5.5%) of their average monthly compensation (even though Carol Zwillinger never qualified for benefits as an employee of Westco Chemicals and Defendants use a phony monthly compensation for her to calculate the Pension Plan benefits she receives (*See* 2-ER-68 (Carol Zwillinger was not employed by Westco Chemicals at any time from 2005 to 2019; *see also* 2-ER-249-250 (benefits formula.)) Another group of nine named individuals, including Defendant/Appellee Steven Zwillinger, receive benefit accruals of five one-hundredths of one percent (0.05%) of their average monthly compensation (again many of these nine individuals never qualified for Pension Plan benefits as legitimate Westco Chemicals employees and they receive no benefits at all because they

have not reached the age necessary to receive benefits). (*Id.*) All other participants earned benefit accruals of one one-hundredth of one percent (0.01%) of their average monthly compensation. (*Id.*) Defendants'/Appellees' design and implementation of this benefits formula to calculate Pension Plan benefits violates ERISA because it benefits Defendants/Appellants to the detriment of all other Pension Plan participants. It is a brazen act of disloyalty when the ERISA fiduciary duty of loyalty is the highest known to law. *Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996). Defendants'/Appellees' have caused Plaintiffs/Appellants (and virtually all Pension Plan participants) to be deprived of meaningful retirements benefits and to suffer concrete and particularized injuries.

## STATEMENT OF THE CASE

On March 3, 2020, Plaintiffs/Appellees filed the Complaint in this action. (5-ER-871.) Defendants/Appellees moved to dismiss the Complaint on grounds Plaintiffs/Appellants lack standing. (4-ER-795.) On September 1, 2020, the District Court denied the motion to dismiss, finding Plaintiffs/Appellees had standing and had otherwise stated plausible ERISA breach of fiduciary duty claims. (4-ER-721.)

On February 8, 2021, Plaintiffs/Appellants moved to certify a class of Pension Plan participants. (4-ER-672.) The motion to certify was unopposed. (4-ER-670.) The District Court granted the motion,

certifying a class of all participants in the Pension Plan whose Plan account had a balance at any time on or after March 3, 2014. (4-ER-667.)

On February 15, 2022, Defendants/Appellees moved for summary judgment. (2-ER-75.) Defendants/Appellees again argued the Plaintiffs/ Appellants lacked standing; Defendants/Appellees also generally denied breaching any of ERISA's fiduciary duties of prudence and loyalty. (*Id.*) Plaintiffs/Appellants opposed the motion. (2-ER-46.) The District Court granted the motion without oral argument. (1-ER-4.) The District Court granted the motion because it found the Plaintiffs/Appellants lack Article III standing to pursue ERISA breach of fiduciary duty claims against Defendants/Appellants ostensibly because Plaintiffs/Appellants suffered no injury in fact. (*Id.*) The District Court also took umbrage with the way Plaintiffs/Appellants *formatted* their evidentiary submissions and consequently the District Court refused to consider any of the evidentiary submissions submitted by Plaintiffs/Appellants – including party declarations, expert witness declarations, and statements of disputed issues of material facts, backed by record evidence. (*Id.*)

## STANDARD OF REVIEW

The Court reviews *de novo* the District Court's legal determinations. *See NCAA v. Miller*, 10 F.3d 633, 637 (9th Cir. 1993); *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir. 1985); *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941 (9th Cir. 2015).

## ARGUMENT

## I. Plaintiffs/Appellants Have Article III Standing

The District Court erred as a matter of law when it held that Plaintiffs/Appellants lack Article III standing. (1-ER-12.)

The District Court's ruling that Plaintiffs/Appellants lack constitutional standing was based on *Thole v. U.S. Bank*, 140 S.Ct. 1615 (2020). (1-ER-13-14.) Indeed, the District Court found, "*Thole* is directly applicable and controlling on the issue of injury in fact in the present matter." (1-ER-13.) But *Thole* is inapplicable.

In *Thole* the United States Supreme Court held retired pension plan participants in that case lacked Article III standing to bring breach of fiduciary duty claims relating to an alleged imprudent investment of pension assets because the pension fund was sufficiently funded to pay all plan obligations and as such any breach of fiduciary duty by the plan

6

trustees relating to the imprudent investment of plan assets would have no impact on future benefit payments to plan participants. *Thole*, 140 S. Ct. at 1619. The Supreme Court noted:

> Thole and Smith have received all of their monthly benefit payments so far, and the outcome of this suit would not affect their future benefit payments. If Thole and Smith were to lose this lawsuit, they would still receive the exact same monthly benefits that they are already slated to receive, not a penny less. If Thole and Smith were to win this lawsuit, they would still receive the exact same monthly benefits that they are already slated to receive, not a penny more. The plaintiffs therefore have no concrete stake in this lawsuit. *Id.*

The circumstances here are very different from those in *Thole.*

Plaintiffs'/Appellants' claims in this action are not limited to past imprudent investments. (5-ER-1.) If their claims were so limited and the Pension Plan was adequately funded such that all Pension Plan participants had and would continue to receive their retirement benefits, then *Thole* would be applicable. But that is not what is alleged or what the undisputed facts show. (*Id.*) Plaintiffs/Appellants allege that Defendants'/Appellees' ERISA fiduciary breaches of prudence and loyalty not by making imprudent investments, but by using the Pension Plan to funnel money to themselves and failing to cause the Pension Plan to pay any meaningful retirement benefits to any other Plan participants. (*Id.*) They also allege that to accomplish their unlawful

objectives, Defendants/Appellee breached ERSIA's duties of prudence in many other ways pertaining to disclosures, funding, and administration of the Pension Plan. (*Id.*) Defendants'/Appellees' ERISA fiduciary breaches have resulted and will result going forward in virtually none of the Pension Plan participants receiving meaningful benefits as required by ERISA. (*Id., See also* 4-ER-696 and 2-ER-61-66.)

Plaintiffs allege and the undisputed evidence shows Defendants/ Appellees used the Pension Plan primarily to surreptitiously funnel Pension Plan assets to themselves and their family members while providing virtually no benefits to Plan Participants. (*Id.*) Moreover, Defendants/Appellees even admit in their motion for summary judgment to an array of ERISA fiduciary violations, including that they took from the Pension Plan "excessive amounts to which they were entitled over a period of five years." (2-ER-54.) And Defendants/ Appellees admit during the relevant time period they failed to follow the Pension Plan's terms, failed to comply with IRS codes, failed to make payments to Pension Plan participants, and failed to properly amend the Pension Plan. (2-ER-83-97.) These admitted widespread and egregious ERISA breaches of fiduciary duties occurred for so long because Defendants/Appellees kept the Pension Plan a secret from Westco Chemicals employees and were using the Plan to funnel money to themselves – not to actually provide retirement benefits to anyone else. (*Id.*)

The Pension Plan document and IRS code require the Pension Plan to provide **meaningful benefits** to Plan participants. (2-ER-56-57; *see also* 2-ER-61-62; 4-ER-762-765; 4-ER-838.) As it stands now, a Pension Plan participant with 20 years of service and average monthly compensation of $3,000 would receive pension benefit beginning at age 65 of just $6 per month. (5-ER-882.) At risk of stating a blinding glimpse of the obvious, a pension of $6 per month after 20 years of service is not a meaningful benefit. On the other hand, "most of the benefits paid by the Plan to date were paid to Alan Zwillinger and his family members. It appears going forward, most of the benefits paid by the Plan will be paid to Alan Zwillinger and his family members. (*Id.*) It does not appear the Plan has yet to pay meaningful benefits, top-heavy benefits and nondiscriminatory benefits to any employees who are unrelated to Alan Zwillinger." (2-ER-65.)

The IRS has specifically stated in an opinion letter: "A plan does not satisfy the meaningful benefit requirement if the facts and circumstances indicate that the plan exists primarily to preserve accrued benefits for a small group of employees and functions more as an individual plan for the small group of employees or for the employer." (4-ER-763.) This is exactly what the undisputed facts show here. Virtually all of the Pension Plan assets have been and are being funneled to Defendants'/Appellees. (2-ER-65.)

Defendants/Appellees argued in the motion for summary judgment that they voluntarily submitted to the IRS (in a bid to defeat the underlying lawsuit) many of their "prior [ERISA] breaches and operational errors with respect to the Plan" (1-ER-13) and that the IRS held the Pension Plan provides "meaningful benefits." But this is a sleight of hand. The IRS did no such thing. Indeed, Defendants/Appellees attached in support of their motion for summary judgment a letter from their attorney to the IRS that details and admits to many of the ERISA fiduciary breaches at issue in this case but the letter does not raise or admit to the IRS that Defendants have used the Pension Plan to funnel virtually all if its assets to Defendants/Appellants, and the IRS never approved of Defendants/Appellees operating the Plan is such an obviously improper way. (3-ER-346-353.)

In addition, Plaintiffs/Appellants submitted with their opposition to Defendants/Appellants' motion for summary judgment a declaration from Mitchell L. Bilbe who is an expert witness in this case. Bilbe opines on an array of ERISA breaches by Defendants/Appellants, including, again, confirming that virtually all of the Pension Plan assets are being funneled to Defendants/Appellants and the Pension Plan fails to provide meaningful benefits to the other Pension Plan participants. (2-ER-61-66.)

The District Court erred in holding that Plaintiffs/Appellants are making an "alternative standing argument that their harm arises, not

from Westco's failure to promise them enough benefits in the first place to be meaningful under the terms of the Plan and applicable law." (1-ER-15.) This is certainly one aspect of the breach of ERISA fiduciary duty of loyalty and prudence claims – but, of course, there is no independent viable claim for a failure to promise benefits as the District Court suggests. The District Court's mischaracterization of the claims is unfortunate. Again, Plaintiffs/Appellants allege that Defendants/ Appellees violated their ERISA fiduciary duties of prudence and loyalty to administer the Plan solely in the best interests of Plan participants. (5-ER-871-895.) The undisputed facts show Defendants/Appellees have breached ERISA's duties and they have and continue to administer the Pension Plan in such a manner so as to transfer nearly all of the Pension Plan assets (millions of dollars) to themselves and provide virtually no retirement benefits to anyone else in the Plan. (2-ER-61-66.) This is a clear and obvious violation of ERISA's duties. The allegations do not depend on any "promises" like the District Court stated. In sum, Plaintiffs/Appellants allege that all Pension Plan participants (except for Defendants/Appellees) are being deprived of retirement benefits – actual money – because of Defendants'/Appellees' ERISA breaches. The undisputed evidence confirms the allegations.

Accordingly, Plaintiffs/Appellants have alleged and presented evidence demonstrating they have sustained concrete and particularized injuries. They easily satisfy Article III's standing requirements.

In addition, unlike in *Thole*, Plaintiffs/Appellants are seeking remedies that would massively impact their Pension Plan benefits. These remedies include surcharge, restitution, disgorgement, reformation, declaratory and injunctive relief. (5-ER-894.) The law is well established, in ERISA cases plan participants satisfy Article III standing when they seek equitable, declaratory, and injunctive relief. *See Peters v. Aetna Inc.*, 2 F.4th 199, 217–21 (4th Cir. 2021). The District Court ignored the controlling law and undisputed facts.

Further, unlike in *Thole*, if Plaintiffs/Appellants are successful in this action the remedies obtained would provide massive benefits for the Plan and all its participants. The Pension Plan's benefit formula would be amended so that all Plan participants receive meaningful benefits as required by the existing laws and regulations, all the benefits wrongfully paid to Defendants/Appellants and their family members would be disgorged, and Defendants/Appellants would be removed as fiduciaries to the Pension Plan. (5-ER-894.)

This Court's very recent holding in *David Wit v. United Behavioral Health*, No. 20–17363 (9th Cir. Mar. 22, 2022) is instructive. In *David Wit*, this Court rejected the identical arguments relied on by the

District Court. The Court recognized, "Congress intended to make fiduciaries culpable for certain ERISA violations even in the absence of actual injury to a plan or participant." *Ziegler v. Connecticut Gen. Life Ins. Co.*, 916 F.2d 548, 551 (9th Cir. 1990) (holding plan participants have standing to bring ERISA breach of loyalty claims "even in the absence of actual injury"); *citing Donovan v. Mazzola*, 716 F.2d 1226, 1237–38 (9th Cir. 1983), *cert. denied* 464 U.S. 1040, 104 S. Ct. 704, (1984) (ERISA creates certain per se prohibitions).

The holding in *David Wit* is consistent with similar holdings from this Court and sister courts across the country. *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1203 (9th Cir. 2003) (holding that a requirement for plaintiffs to allege individual harm when seeking injunctive relief "would be to say that the fiduciaries are free to ignore their duties so long as they do no tangible harm," a result that "is not supported by the language of ERISA, the common law, or common sense." *See also Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) (A "plan participant may have Article III standing to obtain injunctive relief related to ERISA's disclosure and fiduciary duty requirements without a showing of individual harm to the participant"); *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 456 (3d Cir. 2003) (finding that ERISA's "statutorily created disclosure or fiduciary responsibilities" do not

require plaintiffs seeking injunctive relief to show "actual harm" in order to have standing); *Wells v. California Physicians' Serv.*, No. C05–01229CRB, 2007 WL926490, at *3 (N.D. Cal. Mar. 26, 2007) ("When plan participants seek injunctive relief for violations of ERISA's disclosure or fiduciary requirements, they can demonstrate Article III standing by showing a violation of ERISA and need not prove actual injury.")

The Honorable Virginia A. Phillips, Chief United States District Judge, Central District of California, also recently rejected the same arguments the District Court relied on. *Alas v. AT&T*, 17–08106-VAP (RAOx) (C.D. Cal.) (Order Re Defendants' Motion to Dismiss the Second Amended Class Complaint, dated Oct. 29, 2018, Dkt. No. 71, at 12 (holding when plaintiffs seek injunctive relief for violations of ERISA's disclosure or fiduciary requirements, they can demonstrate Article III standing by showing a violation of ERISA and need not prove actual injury").

The District Court also erred by holding that Plaintiffs/Appellants lack standing because they allege only individual injuries as opposed to Plan-wide injuries. (1-ER-888.) This argument is flawed in several respects.

First, Defendants/Appellees did not even make this argument. The District Court erroneously found in favor of Defendants/Appellees on an argument that they did not make (because it is meritless).

Second, the District Court erred because this analysis relates to statutory standing and not Article III standing.

Third, the District Court erred because Plaintiffs/Appellants make no allegations about or seek remedies for individual injuries. None. Indeed, the District Court acknowledges that "there is no doubt that Plaintiffs assert in the operative Complaint are [sic] claims for plan injury." (4-ER-891.) In addition, the written discovery provided by Defendants/Appellees with their motion for summary judgment also make clear that Plaintiffs/Appellants are seeking only Plan-wide remedies. (2-ER-268-272) (Response to Interrogatories: "Ms. Diaz is a member of the certified class. She is not making any claims for individual damages. She is similarly situated with all Class members. She suffered the same losses as the other Class members. *See* response to Interrogatories 1, 3, 6, 8, and 9.")

Fourth, the District Court previously certified this case as a class action. (1-ER-227.) Plaintiffs'/Appellants' motion for class certification provides, "[i]n a pension plan such as this one here, fiduciaries make decisions that affect the entire plan and its participants. The allegations here are that the Defendants failed to satisfy their fiduciary obligations when managing the Pension Plan as a whole, not just with respect to individual plan participants. The issues of whether Defendants breached their fiduciary duties to the Pension Plan and

what is the proper measure of damages is common to all proposed class members." (1-ER-206.) Defendants/Appellees did not even oppose the motion for class certification. (1-ER-225.)

Fifth, the District Court incorrectly relies on *LaRue v. DeWolf*, 552 U.S. 248, 255 (2008). (4-ER-889.) The District Court seems to believe that *LaRue* bars ERISA breach of fiduciary duty claims if plan participants will ultimately receive some financial benefit if the claims are successful. It seems, the District Court found that because Pension Plan participants may financially benefit if the claims in this action are successful that they are seeking only individual remedies. But there is no legal or factual support for this misunderstanding. Indeed, even *LaRue,* the only case cited by the District Court to support its misunderstanding, is instructive. In *LaRue,* a plaintiff brought ERISA breach of fiduciary duty claims because her plan administrator failed to follow her specific investment instructions and allegedly depleted her account balance by about $150,000. Plaintiff in *LaRue* was suing only for herself and not on behalf of others in the Plan. The district court and Fourth Circuit Court of Appeals found that ERISA §502(a)(2) only provides remedies for entire plans, not for individuals. The Supreme Court, however, reversed and held ERISA § 502 (a)(2) authorizes recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." *LaRue v. DeWolf*, at 248. The holding

of *LaRue* is squarely at odds with the District Court's ruling here that Plaintiffs lack Article III (or even statutory) standing because they are seeking only individual injuries.

It is unclear why the Court erroneously held Plaintiffs/Appellants claims are for individual injuries, which "makes summary judgment appropriate." (4-ER-889.) This is simply wrong. The holding is not supported by the facts or law.

## II. Disputed Issues of Material Facts

The District Court refused to consider any of the evidentiary submissions made by Plaintiffs/Appellants in their opposition to Defendants'/Appellees' motion for summary judgment. (4-ER-880.) The District Court refused to consider Plaintiffs'/Appellants' submissions because the District Court did not approve of the formatting of the submissions and found that the evidentiary submissions did not comply with Central District of Local Rule 56–3. (*Id.*) However, Plaintiffs'/Appellants' evidentiary submissions complied with, or at least substantially complied with, Central District of Local Rule 56–3. Plaintiffs/Appellants submitted a declaration from their expert witness Mitchell L. Bilbe (2-ER-61) (wrongfully referred to by the District Court as "Michael" Bilbe, *see* 1-ER-14.) They submitted a declaration from former Westco Chemical's executive Daniel Draney. (2-ER-67.) They also submitted a statement of genuine disputes which numerically

17

tracked Defendants'/Appellees statement of undisputed facts. (*Id.* at 70.) Plaintiffs/Appellants were unfairly prejudiced by the District Court's refusal to consider their evidentiary submissions. The Court wrongfully elevated form over substance. That is particularly disappointing here given that this is a certified class action. That said, the District Court's ruling that Plaintiffs'/Appellants' lack Article III standing is wrong as a matter of law and ought to be reversed, regardless.

# CONCLUSION

For all the foregoing reasons, Plaintiffs/Appellants request the Court to reverse the District Courts' August 18, 2022 (1-ER-4) and August 19, 2022 (1-ER-2) orders.

McKay Law

Respectfully submitted,

Dated: November 7, 2022     By: /s/ Michael C. McKay

Michael C. McKay

MCKAY LAW, LLC
5635 N. Scottsdale Road, Ste. 170
Scottsdale, Arizona 85250
Telephone: (480) 681-7000
Email: mmckay@mckaylaw.us

Attorney for Plaintiffs and Appellants
Merry Russitti Diaz, Kater Perez

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32(a)(7)(C), and Ninth Circuit Rule 32–1, I certify that the attached brief is proportionately spaced, has a typeface of 14 points or more, and contains **3,762** words.

McKay Law

Respectfully submitted,

Dated: November 7, 2022            By: /s/ Michael McKay

Attorney for Plaintiffs and Appellants
Merry Russitti Diaz, Kater Perez

20

## Statement of Related Cases

Pursuant to Circuit Rule 28–2.6, counsel for Plaintiff/Appellant states that the following cases in Ninth Circuit may raise closely related issues concerning the issues herein: None. Counsel for Plaintiff/Appellant is not aware of any other cases raising the same or closely related issues.

McKay Law

Respectfully submitted,

Dated: November 7, 2022            By: /s/ Michael McKay

Attorney for Plaintiffs and Appellants
Merry Russitti Diaz, Kater Perez

## Certificate of Service

I hereby certify that on November _, 2022, I electronically filed the foregoing **OPENING BRIEF OF PLAINTIFF/APPELLANT**, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

McKay Law

Respectfully submitted,

Dated: November 7, 2022     By: /s/ Michael McKay

Attorney for Plaintiffs and Appellants
Merry Russitti Diaz, Kater Perez

22