No. 22-55823

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT
_____

MERRY RUSSITTI DIAZ; KATER PEREZ, individual and on behalf of all others similarly situated,

*Plaintiffs - Appellants*,

v.

WESTCO CHEMICALS, INC.; ALAN ZWILLINGER, erroneously sued as Ezekiel Alan Zwillinger; STEVEN ZWILLINGER,

*Defendants - Appellees.*
_____

United States District Court
Central District of California
No. 2:20-cv-02070-ODW-AGR
Otis Wright, II
_____

APPELLANTS' REPLY BRIEF
_____

Michael C. McKay
MCKAY LAW, LLC
5635 N. Scottsdale Road, Ste. 170
Scottsdale, Arizona 85250
Telephone: (480) 681-7000
 Email: mmckay@mckaylaw.us
Attorney for Plaintiffs and Appellants Merry Russitti
Diaz, Kater Perez, and the Certified Class

i

# **TABLE OF CONTENTS**

**INTRODUCTION**……………………………………………………………1

**ARGUMENT**………………………………………………………………...1

    I.    Plaintiffs-Appellants Have Standing..………………………1

    II.   The Plan Does Not Provide Meaningful Benefits to Plan Participants……………………………………………………3

    III.  Plaintiffs-Appellants Do Not Make a Claim for Violation of IRC § 401……………………………………………………4

    IV.  Plaintiffs-Appellants' Claims are Brought on Behalf of the Plan……………………………………………………….5

    V.   The District Court Abused Its Discretion Resulting in Unfair Prejudice……………………………………………...6

**CONCLUSION** …………………………………………………………7

# TABLE OF AUTHORITIES

**CASES**

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992).................................................................1

*Thole v. U.S. Bank N.A.,*
    140 S. Ct. 1615 (2020)....................................................1, 2, 3

## INTRODUCTION

Westco Chemicals, Inc. ("Westco") repeats in its Answering Brief the arguments it made to the District Court. Westco's argument lack merit.

## ARGUMENT

### I. Plaintiffs-Appellants Have Standing

Defendants-Appellees argue that Plaintiffs-Appellants lack standing to pursue ERISA breach fiduciary duty of loyalty and prudence claims because the Plan is not at imminent risk of default. Defendants-Appellees rely on *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020). However, *Thole* does not require that a retirement plan be at imminent risk of default for a retirement plan participant to have standing to bring ERISA breach of fiduciary duty and loyalty claims. This is a misinterpretation of *Thole*. All that is required under *Thole* and all controlling authority is for a plaintiff to allege and show an injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs-Appellants have done that here. The District Court's holding

that a retirement plan must be at imminent risk of default before a plan participant has Article III standing to pursue ERISA claims is wrong.

Defendant-Appellees argue that Plaintiff-Appellants lack standing under *Thole* because, as was the case in *Thole,* regardless of whether Plaintiffs-Appellants prevail on their claims, they will receive the same retirement benefits from the Plan here. This is a demonstrably false statement. Unlike in *Thole,* Plaintiffs-Appellants are seeking reformation of the Plan. (5-ER-871-895.) Plaintiffs-Appellants are also seeking to oust the Plan fiduciaries, who, the undisputed evidence shows, created and have since operated the Plan in a manner that provides benefits only to the owners and family members of Westco. (5-ER-889.) Indeed, the undisputed evidence shows the <u>only individuals</u> to receive any benefits whatsoever from the Plan are the owners and family members of Westco. And the evidence shows that the owners and family members of Westco are funneling all of the Plan assets to themselves and that they will likely be the only individuals to ever receive any Plan benefits before the Plan's assets are completely dissipated. It is difficult to fathom a fact pattern that more obviously frames ERISA breach of duty of loyalty and prudence claims than the

facts here. Defendants-Appellees argument that the Plan has sufficient assets to provide all benefits as required by the current Plan document is specious because the argument omits that all of the benefits are and will continue to be paid to Westco owners and family members only.

Defendants-Appellants concede the Plan is being used by Westco owners and family members to funnel money to themselves and not as a legitimate retirement plan to benefit Westco's employees and all Plan participants. This construct stands in rank violation of ERISA's duty of loyalty. The funding argument is also specious because Plaintiffs-Appellants' expert witness testified that "[i]f the Plan's benefit accrual formula is modified to provide meaningful benefits, top-heavy benefits and nondiscriminatory benefits to the majority of the Plan's participants and beneficiaries, then the Plan would need additional funding and would likely be underfunded at its current funding level." (2-ER-65.) Defendants-Appellees do not even dispute this fact.

Plaintiffs-Appellants are also seeking disgorgement and restitution on behalf of the Plan. Unlike in *Thole,* if Plaintiffs-Appellants prevail on their ERISA claims, the entire Plan will be reformed and all Plan participants (except for the owners and family

3

members of Westco) will benefit in a massive way by finally receiving meaningful retirement benefits from the Plan, instead of allowing all of the Plan's assets to be transferred only to Westco's owners and family members while providing no benefits (or virtually no benefits) to any other Plan participants. Arguably, the entire point of Congress enacting ERISA was to prevent unscrupulous individuals from engaging in the exact type of behavior that Defendants-Appellees are engaged in here. The District Court erred as a matter of law.

## II. The Plan Does Not Provide Meaningful Benefits to Plan Participants

Defendants-Appellants have the audacity to argue the Plan provides meaningful benefits to Plan participants. This is nonsense. The undisputed evidence shows the only people to have received any benefits under the Plan are Westco owners and family members. To be sure, Plaintiffs-Appellees' expert witness, Mitchell Bilbe's Declaration submitted in opposition to Defendants-Appellees' motion for summary judgment confirms that the only individuals to receive any benefits under the Plan are Westco owners and family members. (2-ER-61-66.) Accordingly, not only does the Plan fail to provide meaningful benefits – the Plan fails to provide any benefits to anyone but the Plan's so-called

fiduciaries (*i.e.,* Westco owners and family members.) (*Id.*) Under these circumstances, the District Court erred in finding that the Plan provides meaningful benefits to Plan participants and is being administered prudently on behalf of all Plan participants and loyally for the sole purpose of providing benefits to all Plan participants. At a minimum, these facts present material fact issues that ought not have been decided in Defendants-Appellees' favor at the summary judgment stage.

### III. Plaintiffs-Appellants Do Not Make a Claim for Violation of IRC § 401

Defendants-Appellees argue that there is no private right of action for a plan's failure to satisfy the requirements of IRC § 401. This argument is a red herring. Plaintiffs-Appellants have not brought a claim against Defendants-Appellees for the failure of the Plan to satisfy the requirements of § IRC 401. Defendants-Appellees are attacking a claim that does not exist and never existed. The argument ought to be ignored.

### IV. Plaintiffs-Appellants' Claims are Brought on Behalf of the Plan

Defendants-Appellees' argument that Plaintiffs-Appellants' lack standing under ERSIA because the claims in the Complaint are not

5

brought on behalf of the Plan is meritless. Defendants-Appellees ask the Court to ignore that Complaint. All of the allegations in the Complaint are brought on behalf of the Plan. All of the remedies sought in the Complaint are Plan-wide remedies. That is obvious from a plain reading of the Complaint coupled with a basic understanding of ERISA.

Defendants-Appellees engaged in a bit of skullduggery by knowingly misleading the District Court by arguing that if any Plan participant receives an indirect benefit resulting from the successful resolution of the ERISA claims at bar, then such claims by definition are individual in nature. Defendants-Appellees cite no legal authority for this position. There is none. The District Court erred. The District Court's finding has the potential to create a maelstrom of confusion at the lower court level (and is already doing so). The error ought to be corrected by this Court.

## V. The District Court Abused Its Discretion Resulting in Unfair Prejudice

The District Court abused its discretion by failing to consider any of the evidence submitted by Plaintiffs-Appellants because the District Court did not approve of the formatting of Plaintiffs-Appellants' evidentiary submissions. It is unfortunate that the District Court chose

6

this approach. It appears that the District Court did so in an effort to insulate its incorrect legal and factual predicates from a challenge on appeal.

This is an important case. It involves millions of dollars of retirement benefits that are being diverted away from employees who earned the benefits over a lifetime of working by disloyal ERSIA fiduciaries who are keeping this money for themselves. This case ought to be decided on its merits and the correct application of the law, not because the District Court did not approve the of form of evidentiary submissions.

## CONCLUSION

For all the foregoing reasons, Plaintiffs-Appellants request the Court to reverse the District Courts' August 18, 2022 (1-ER-4) and August 19, 2022 (1-ER-2) orders.

January 27, 2023                    Respectfully submitted,

/s/ *Michael C. McKay*
Michael C. McKay
MCKAY LAW, LLC
5635 N. Scottsdale Rd., Ste. 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Email: mmckay@mckaylaw.us

7

## CERTIFICATE OF COMPLAINCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), and Ninth Circuit Rule 32–1, I certify that the attached brief is proportionately spaced, has a typeface of 14 points or more, and contains **1,564** words.

        /s/ *Michael C. McKay*
        Michael C. McKay
        MCKAY LAW, LLC
        5635 N. Scottsdale Rd., Ste. 170
        Scottsdale, Arizona 85258
        Telephone: (480) 681-7000
        Email: mmckay@mckaylaw.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2023, I electronically transmitted the foregoing **APPELANTS' REPLY BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system and that service will be accomplished by the appellate CM/ECG system.

/s/ *Michael C. McKay*